IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DANNY RAY MCLAIN, § | |
|     Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:15-CV-237-O |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**OPINION AND ORDER**

    Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Danny Ray McLain, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as successive. No service has issued upon Respondent.

**I. BACKGROUND**

    Petitioner is serving cumulative 20-year and 25-year sentences from Palo Pinto County. Pet. 2, ECF No. 1; Resp't's Answer, McLain v. Stephens, Civil Action No. 4:14-CV-740-Y, ECF No. 8. This is Petitioner's fourth habeas petition filed in this Court. Two of the prior petitions remain pending at this time. Pet., McLain v. Stephens, Civil Action No. 4:14-CV-740-Y, ECF No. 1; Pet., McLain v. Stephens, Civil Action No. 4:14-CV-589-O, ECF No. 1; Pet., McLain v. Quarterman, Civil Action No. 4:08-CV-648-A, ECF No. 1. In the instant petition, Petitioner claims the state court's 1990 "stacking/cumulation order is in violation of [his] 14th Amendment rights." In the way of supporting facts, he states:

    On April 3, 1990 Petitioner was sentenced to 25 years in cause no. 8870. This

sentence was stacked on top of 20 years in cause no. 8340 recieved [sic] on October 3, 1986. No parole pre-revocation warrants were issued and Petitioner's parole in cause no. 8340 was never legally revoked until June 6, 1996.

Pet. 6, ECF No. 1. He seeks to have the 1990 cumulation order voided. *Id.* at 7. According to Petitioner, he is just now raising the claim–

> "[b]ecause the evidence in support of petition was not printed untill [sic] January 22, 2014 and did not come to hand of Petitioner untill [sic] September 26, 2014. Petitioner filed Dispute Resolution on October 1st, 2014. All evidence submitted in Petitioner[']s state memorandum.

*Id.* at 9.

**II. DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the petition and court records filed in

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

Petitioner's other federal habeas actions, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Crone v. Cockrell,* 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Petitioner does not specify the nature of the evidence he relies upon in support of his new claim or explain why he could not have discovered the factual basis of the claim between 1990 and 2014, some twenty-four years later. Under the terms of § 2244(b)(2), a claim presented in a second or successive petition that was not presented in a prior petition must be dismissed unless–

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2244(b)(2). Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner has made no showing under § 2244(b)(2) nor has he demonstrated that he has obtained leave to file this petition from the Fifth Circuit. Thus, this Court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition is DISMISSED for lack of jurisdiction without prejudice to his right to seek authorization from the Fifth Circuit Court of Appeals to file a successive § 2254 petition. All outstanding motions are denied.

**SO ORDERED** on this 3rd day of April, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**